UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA MARIE LARA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security<br><br>Defendant. | No. 2:19-cv-1527-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. ECF Nos. 12 & 15. For the reasons discussed below, plaintiff's motion for summary judgment is granted and the Commissioner's cross-motion is denied. The matter is remanded for additional administrative proceedings.

BACKGROUND

Plaintiff filed an application for SSI on December 8, 2016, alleging that she had been disabled since October 22, 2016. Administrative Record ("AR") 163. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 89-93, 102-106. On August 27, 2018, a hearing was held before ALJ Daniel G. Heely ("ALJ"). *Id.* at 29-54.

On October 24, 2018, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id*. at 13-23. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since December 8, 2016, the application date (20 CFR 416.971 *et seq*.).

   \*\*\*

2. The claimant has the following severe impairments: spine disorders, neurocognitive disorder, and depressive order with anxiety (20 CFR 416.920(c)).

   \* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

    * * *

4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except (sic) she able to understand, remember, and carry out simple instructions and make simple work-related decisions; could tolerate a low level of work pressure defined as work with no multitasking or detailed job tasks; able to work at a consistent pace throughout the work day but not at a production pace where each task must be performed within a strict time deadline such as meeting a quick turnaround with no tolerance for discrepancies; never climb ladders, ropes or scaffolds; occasionally climb ramps or stairs; occasionally balance, stoop, kneel, crouch or crawl; never work around hazards (such as moving, dangerous machinery or unprotected heights; and no operation of a motor vehicle [ )].

    * * *

5.  The claimant has no past relevant work (20 CFR 416.965).

    * * *

6.  The claimant was born on June 2, 1972 and was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7.  The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8.  Transferability of job skills is an issue because the claimant does not have past relevant work (20 CFR 416.968).

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

    * * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since December 8, 2016, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 15-22.

Plaintiff's request for Appeals Council review was denied on June 25, 2019, leaving the ALJ's decision as Commissioner's final decision. *Id.* at 2-3.

/////

/////

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## ANALYSIS

In his decision, the ALJ credited the opinion of psychologist Dr. Lauri Stenbeck with great weight. AR at 21. Plaintiff argues that the ALJ failed, however, to account for Dr. Stenbeck's assessment that plaintiff would have a moderate to marked limitation in completing a normal workday or workweek. *Id.* at 484. She argues that this was reversible error and the court agrees.

Dr. Stenbeck assessed the foregoing limitation "due to [plaintiff's] symptoms of depression and limited coping abilities that currently occur most days of the week and are likely to be exacerbated in a stressful work environment." *Id.* The RFC, as noted *supra*, reads:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she (sic) able to

> understand, remember, and carry out simple instructions and make simple work-related decisions; could tolerate a low level of work pressure defined as work with no multitasking or detailed job tasks; able to work at a consistent pace throughout the work day but not at a production pace where each task must be performed within a strict time deadline such as meeting a quick turnaround with no tolerance for discrepancies; never climb ladders, ropes or scaffolds; occasionally climb ramps or stairs; occasionally balance, stoop, kneel, crouch or crawl; never work around hazards (such as moving, dangerous machinery or unprotected heights; and no operation of a motor vehicle [ )].

*Id.* at 18. Nothing in the RFC adequately accounts for Dr. Stenbeck's limitations regarding attendance or completion of a work day. To be sure, the RFC does note that plaintiff only has the capacity to "tolerate a low level of work pressure defined as work with no multitasking or detailed job tasks," but this limitation does not account for the plaintiff's *baseline* problems with depression and coping. Dr. Stenbeck's limitations indicate that plaintiff's depression and coping problems are constant, problematic, and, even absent a stressful work environment, would (at a minimum) cause difficulty maintaining attendance. *Id.* at 484, ¶ 3 (noting that plaintiff's depression would create moderate difficulty in maintaining regular and consistent attendance). There are no limitations regarding attendance in the RFC. *See Betts v. Colvin*, 531 F. App'x 799, 800 (9th Cir. 2013) (holding that ALJ erred where they gave great weight to doctor's opinion but failed to account for 'moderate' limitations in completing normal workweek without psychologically-based interruptions in the RFC); *see also Melton v. Astrue*, No. 09-CV-1000-BR, 2010 U.S. Dist. LEXIS 103334, *22 (D. Or. Sept. 28, 2010) ("Accordingly, the Court concludes the ALJ erred in her assessment of Plaintiff's RFC because she did not include Plaintiff's mild-to-moderate limitations in maintaining concentration, persistence, or pace."). Moreover, at the administrative hearing, the vocational expert testified that missing two days in a common month would exclude the employment positions identified as viable for plaintiff. AR at 49. And "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose elected not to accept them. *See*, *e.g.*, *Martin v. Comm'r of Social Security Administration*, 472 F. App'x 580 (9th Cir. 2012) (unpublished) ("The

administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it."); *Neufeld v. Berryhill*, No. 2:16-CV-03644 (VEB), 2018 U.S. Dist. LEXIS 169475, *16 (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them."). Here, the ALJ failed to meet that obligation.

The only question that remains is whether to remand for additional administrative proceedings or for the award of benefits. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A court should remand for further administrative proceedings, however, unless it concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). That the ALJ failed to account for a limitation in the RFC does not compel a decision that further administrative proceedings would serve no useful purpose. On remand, the ALJ will have the opportunity to weigh an attendance limitation and analyze whether jobs exist that plaintiff could perform in light thereof.

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is DENIED;

3. This matter is REMANDED for additional administrative proceedings; and

4. The clerk is directed to enter judgment in plaintiff's favor and close the case.

DATED: September 18, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE